```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


KEISHA RIVERS-SHORTY                          CIVIL ACTION
WIFE OF/AND EARL J. SHORTY


VERSUS                                        NO: 07-294


OCWEN LOAN SERVICING, LLC.                    SECTION: J(5)
ET AL.
```

### ORDER AND REASONS

Before the Court is the Plaintiffs' **Motion to Remand Pursuant to 28 U.S.C. § 1447(c) (Rec. Doc. 7)**. This motion, which was opposed, was set for hearing on February 28, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiffs' motion to remand should be denied.

### Background Facts

Plaintiffs filed suit against Ocwen Loan Servicing, LLC ("Ocwen"), Key Bank, and American Security Insurance Company ("ASIC") in Civil District Court for the Parish of Orleans after Hurricane Katrina totally destroyed their property. Defendant Ocwen removed the case to this Court alleging diversity jurisdiction and federal question jurisdiction based on alleged claims made by Plaintiffs falling under the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601, et seq. and claims handling and adjustment of a flood insurance policy issued pursuant to the National Flood Insurance Program ("NFIP"). Also,

Ocwen noted that removal was also proper pursuant to 28 U.S.C. § 1334 because it is related to a bankruptcy proceeding initiated by Plaintiffs that is pending in this district.

## Discussion

**Diversity Jurisdiction:**

Plaintiffs argue that a remand is proper because diversity of citizenship does not exist between the parties. Specifically, Plaintiffs state that both they and ASIC are domiciled in Georgia. To support this assertion, Plaintiffs's motion simply states:

> Plaintiffs were driven from New Orleans by Hurricane Katrina and their residence was completely destroyed. They moved to Georgia and have not returned, They are now residents of and domiciliaried [sic] in Georgia . . .

(Plaintiff's memorandum in support of motion to remand, p. 1).

In opposition, Defendant Ocwen notes that case law requires a party who is asserting a change in domicile to prove the change. See Simmons v. Skyway of Ocala, 592 F. Supp. 356, 358 (S.D. Ga. 1984) (citing Hendry v. Masonite Corp., 455 F.2d 955, 956 (5th Cir. 1972). Here, Plaintiffs offered no evidence to rebut the presumption of continued Louisiana citizenship. See Acridge v. Evanelical Lutheran Good Samaritan Society, 334 F.3d 444, 448 (5th Cir. 2003). Ocwen argues that Plaintiffs assertion that they moved to Georgia and have not returned is not enough to meet their burden. Specifically, it is not clear whether

Plaintiffs intend to remain in Georgia indefinitely, which is required.  Id.  Thus, Ocwen argues that this Court should retain jurisdiction over Plaintiffs' claims on diversity grounds.

Under 28 U.S.C. § 1441(a), a state court action may be removed if the federal court would have original jurisdiction over the matter. A federal district court has original jurisdiction over a civil action where the matter in controversy exceeds $75,000.00[1] and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship must be present under § 1332(a)(1).  Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Federal, not state, law dictates whether complete diversity of citizenship is present.  Gonzalez v. Government Employees Ins. Group, 2000 WL 235236, at *2 (E.D.La. 2000).

To be a citizen of a state under § 1332, a natural person must be (1) a citizen of the United States and (2) a domiciliary of that state.  Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). A person becomes domiciled in a state by (1) his physical presence in the state and (2) exhibiting an intention to remain there indefinitely. Id. at 250. Once a domicile is established, it persists until a new one is acquired or it is clearly abandoned. Id.  A presumption exists in favor of the continuing

---

[1] Here, Plaintiffs agree that the amount in controversy is satisfied.  (Plaintiff's memorandum in support of motion to remand, p. 1).

domicile.  Id.  A party seeking to show a change in domicile must come forward with enough evidence on the issue to withstand a directed verdict.  Id.  However, this presumption does not cancel out the ultimate burden that rests with the party seeking to invoke federal jurisdiction.  Id.  In making its determination, a district court "must address a variety of factors," and "[n]o single factor is determinative." Id. at 251. "The court should look to all evidence shedding light on the litigant's intention to establish domicile." Id.

Here, the Court finds that Plaintiffs have failed to present enough evidence to show a change in domicile.  This conclusion is only strengthened by the allegation in Plaintiff's Petition which states that Plaintiffs are "domiciliaries of this state [Louisiana] and parish [Orleans] and are "now dislocated to Greensboro, Georgia." (Petition).  This statement does not signify an intention to remain in Georgia indefinitely.  Thus, the Court finds that diversity of citizenship does exist, thereby making diversity jurisdiction a proper grounds for removal.

**Federal Question Jurisdiction:**

In their motion to remand, Plaintiffs assert that federal question does not exist under RESPA because 12 U.S.C. § 2614 states that a proceeding brought pursuant to RESPA may be brought "in the Unites States district court or in any other court of competent jurisdiction."  In opposition, Ocwen asserts that

Plaintiffs' claims under RESPA, a federal statute, subject this matter to removal based on federal question jurisdiction.  Ocwen notes that in their Petition, Plaintiffs assert "[t]he sums charged by KEY BANK and/or OCWEN LOAN SERVICING, LLC for flood and windstorm coverage were fraudulently charge [sic], deposited and converted by the said defendants who failed in their fiduciary obligation to pay for the insurance coverages for which said funds were tendered and escrowed by the said defendants." (Petition, ¶ 12).  Ocwen asserts that RESPA provides a cause of action for breach of those duties, and the Petition must be construed so as to allege a claim under RESPA.  Ocwen also notes that in their motion to remand, Plaintiffs never deny that they have stated a claim under RESPA. Instead, Plaintiffs argue that their RESPA claim does not give rise to federal question jurisdiction because RESPA allows for concurrent jurisdiction between federal and state courts.  However, OCWEN contends that the Fifth Circuit has held that where a statute provides for concurrent federal and state jurisdiction, the claims are removable - absent an express Congressional bar on removal.  See Baldwin v. Sears, Roebuck & Co., 667 F.2d 458, 460 (5th Cir. 1982).  Ocwen asserts that RESPA does not expressly bar removal. See Sicinski v. Reliance Funding Corp., 461 F. Supp. 649, 651-52 (S.D. N.Y. 1978).

This Court agrees with Ocwen that federal question

5

jurisdiction exists over this matter based on Plaintiffs' claims brought under RESPA.  See Sicinski, 461 F. Supp. at 651-52 (brought under RESPA was subject to removal from state to federal court).  The Court notes that Plaintiffs did not deny, in their motion to remand, that they had brought claims under RESPA and, in not doing so, seem to concede that they have raised such claims.  Thus, this Court finds that this case was removable on these grounds as well.

Because this Court finds that both diversity jurisdiction and federal question jurisdiction exist, there is no need to analyze whether jurisdiction also exists pursuant to 28 U.S.C. § 1334(B).

**IT IS ORDERED** that the **Motion to Remand Pursuant to 28 U.S.C. § 1447(c) (Rec. Doc. 7)** should be and hereby is **DENIED.**

New Orleans, Louisiana this 14th day of March, 2007.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE